*Middlesex,*
July,
1825.

Magill
*v.*
Lyman.

——◦✦◦——

LYMAN *against* MAGILL :

IN ERROR.

The decree of a court, on a petition for a new trial, granting the prayer of the petition, is not a final judgment, and therefore, is not the subject of error.

Upon the reversal of the decree of the city court in *Magill* v. *Lyman,* (*a*) *Magill,* at *April* term, 1823, presented again his petition for a new trial, of the same tenor with the former, but made *Henry Lyman* only a party. At *May* term, 1823, the court ordered notice to be given to *Justin Lyman* and *Thomas Hubbard.* At *June* term, 1823, *Henry Lyman* only appeared, and pleaded in abatement, that the parties had removed out of the limits of the city before the date of the petition. *Magill* replied, that since the 10th of *October,* 1821, he had resided in the city, at several times, at and near the time when the original action was commenced, not less than three months, for the purpose of attending to his real estate, which he owned there, and of managing and closing his business. On a special demurrer to this replication, it was adjudged sufficient, and a *respondeat ouster* awarded. *Lyman* then demurred to the petition, which

(*a*) See the preceding case.

*Middlesex,*
July,
1825.

Lyman
*v.*
Magill.

the court adjudged sufficient; and thereupon granted a new trial; the costs remaining subject to the future order of the court. He then brought a writ of error in the superior court, *August* term, 1823, and assigned for error, that the city court adjudged the replication and petition sufficient. In the superior court, *Magill* pleaded in abatement, that final judgment had not been rendered in the original action. On a demurrer to this plea, the superior court adjudged it sufficient; and thereupon affirmed the judgment of the city court. On motion of the plaintiff in error, the record was transmitted to this Court for revision.

*Hotchkiss* and *Storrs*, for the plaintiff in error.

*Daggett* and *Stanley*, for the defendant in error.

PETERS, J. This case presents the same questions as have been already decided in *Magill* v. *Lyman*, ante 59. For the reasons given in that case, I am of opinion, that in the judgment complained of in this case, there is nothing erroneous.

BRISTOL, J. was of the same opinion.

HOSMER, Ch. J. I am of opinion that the plea of abatement to the writ of error, was insufficient, and that the judgment of the superior court ought to be reversed. The city court rendered a final judgment on the petition for a new trial, except in relation to the allowance of costs; and a delay of the writ of error for this cause, was not required. The principal point had been determined; and it was of no moment to await the decision concerning the costs, as the question rested on the discretion of the court, and let their judgment be either way, it was absolutely conclusive and irreversible. A delay of a writ of error for no cause, is an evil, that ought never to be admitted; and in the courts of *Westminster-Hall,* such is the course of decisions.

I am, likewise of opinion, that it is perfectly immaterial, in regard to the writ of error, whether final judgment has been rendered in the original action. That is a distinct and independent suit, and there is neither law nor reason for a moment's delay on account of it. But, on the other hand, established cases suspend the writ of error on the final judgment in *that*

suit, in which the error has been committed ; and it is opposed to that equity, which demands a prompt administration of justice, to permit parties to worry and harass each other, in expensive litigation in the original action, by denying a writ of error on the decree. It is pure evil, unmingled with any good, and opposed to the interests of both parties. I merely glance at the subject, and refer to *Magill* v. *Lyman*, (ante 59) in which my reasons are exhibited at length.

If the plea in abatement was rightly adjudged to be sufficient, it did not authorize the judgment rendered by the superior court. As the legal conclusion from the finding, the judgment of the city court is affirmed. Now, the error of this judgment is most flagrant and palpable. It never was, or could have been, made an enquiry before the superior court, whether the judgment of the city court merited affirmance or reversal. The parties never came to this enquiry. The defendant in error made a question preliminary to this question, and it was prevented *in limine*, by the court's holding the plea of abatement sufficient. If *in nullo est erratum* had been pleaded, then the question would have been raised, whether the judgment of the city court ought to be reversed or affirmed. But when the enquiry was (and so the court found) that the writ of error was not regularly brought, it precluded every consideration of its merits. The error could not have been greater, if the court had held a plea of abatement for omission to serve the writ, sufficient, and then, as the supposed legal consequence, had affirmed a judgment, which it refused to consider.

Courts have ever been astute, and justly so, in pursuing the forms of judgments. Their decisions are the evidence of the law, and always ought to be guarded with care. A party may not assign that for error, which is for his own advantage ; but this general rule is deviated from, when a judgment has been entered up aside from the common course. If the error be *the default of the court*, though for the advantage of the party, a writ of error lies. Thus, if no judgment be given against a defendant for costs ; or if he be amerced lightly, when he ought to be fined heavily ; or if one defendant be charged with the whole damages and costs ; in all these cases, the defendants benefitted by the judgment, may bring error for its reversal. *Beecher's* case, 8 *Co. Rep.* 115. *Specot's* case, 5 *Co. Rep.* 57. *Crow's* case, *Cro. Eliz.* 84. *Kent* v. *Kent, Ca. temp. Hard.* 50. S. C. 2

*Middlesex,*
July,
1825.

Lyman
*v.*
Magill.

*Stra.* 971. Now, in this case, the error was the default of the court, and cannot be vindicated on any principle.

I would reverse the judgment of the superior court.

BRAINARD, J. was absent.

Judgment affirmed.